UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MANUEL L SALVAREZZA and all others )
similarly situated under 29 U.S.C. 216(b); )
                                         )
         Plaintiff,                      )
    vs.                                  )
                                         )
KELLEY VENTURES LLC D/B/A KELLEY )
COLLISION CENTER, PHOENIX                )
MOTORS, INC., and KEVIN P KELLEY;        )
                                         )
         Defendants.                     )
_____ )

# COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME, MINIMUM WAGE VIOLATIONS, AND RETALIATION

Plaintiff, MANUEL L SALVAREZZA on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, KELLEY COLLISION CENTER CORPORATION, KELLEY VENTURES LLC d/b/a KELLEY COLLISION CENTER, PHOENIX MOTORS, INC., and KEVIN P KELLEY, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant KELLEY VENTURES LLC d/b/a KELLEY COLLISION CENTER is a limited liability company that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for the relevant time period.

4. The Defendant PHOENIX MOTORS, INC., is a limited liability company that regularly

transacts business within Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for the relevant time period.

5. The individual Defendant KEVIN P KELLEY is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

6. The individual Defendant KEVIN P KELLEY was so involved with the financial affairs of the Defendant Corporations to make him liable for violations of the Fair Labor Standards Act which are committed by Defendant Corporations or agents for Defendant Corporations.

7. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

8. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

29 U.S.C. § 207 (a) (1) states, "no employer shall employ any of his employees who in any

workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff worked for Defendants as a car repairman from on or about January 11, 2013 through present and ongoing.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2012, 2013, and 2014.

14. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $125,000 for the first three months of the year 2015 and is expected to exceed $500,000 for the year 2015.

15. Upon information and belief, Defendants, KELLEY COLLISION CENTER CORPORATION, KELLEY VENTURES LLC d/b/a KELLEY COLLISION CENTER and PHOENIX MOTORS, INC., are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the companies, performed through unified operation and/or common control, are being done for a common business purpose.

16. Upon information and belief, Defendants, KELLEY COLLISION CENTER CORPORATION, KELLEY VENTURES LLC d/b/a KELLEY COLLISION CENTER, KELLEY AUTOMOTIVE, INC, and PHOENIX MOTORS, INC., were each Plaintiff's joint employer during Plaintiff's employment with the Defendant Companies as the work performed by Plaintiff simultaneously benefited all Defendant Companies who were responsible for controlling Plaintiff's hours, determining Plaintiff's pay and which were operated by the same company officers for a common business purpose.

17. Individual Defendant KEVIN P KELLEY, were Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

18. Between the period of on or about January 11, 2013 through on or about January 20, 2015, Plaintiff worked an average of 57 hours a week for Defendants and was paid an average of $17.54 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

19. Between the period of on or about January 21, 2015 through present and ongoing,

    Plaintiff worked an average of 57 hours a week for Defendants and was paid an average of $6.14 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the overtime rate for each hour worked above 40 in a week using the applicable minimum wage rate as the basis to calculate the overtime due and owing to Plaintiff.

20. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

*Wherefore*, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

### COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-17 above and further states:

21. 29 U.S.C. § 206 (a) (1) states, "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is

employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: […] $7.25 an hour."

22. Between on or about January 21, 2015 through present and ongoing, Plaintiff worked an average of 57 hours a week for the Defendants. Plaintiff was paid an average of $6.14/hr for said work in violation of the Fair Labor Standards Act as said payment of $6.14/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $6.14/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

23. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

24. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

*Wherefore*, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds

reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

## COUNT III. FLORIDA MINIMUM WAGE VIOLATION

**COME NOW**, Plaintiff, by and through undersigned counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-25 above and further state:

25. This Court has jurisdiction for Plaintiff's Florida minimum wage claim under the Court's supplemental jurisdiction. 28 U.S.C. § 1367.

26. Florida Statute § 448.110(3) states "Effective May 2, 2005, employers shall pay employees a **minimum wage** at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal **minimum wage** under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state **minimum wage** pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of §§ 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein."

27. Florida Statute § 448.110(4)(a) states, in part, "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

28. All conditions precedent pursuant to §448.110 have been met by Plaintiff to seek his minimum wage claims against the Defendants. On July 16, 2015, Defendants were served with the Complaint and the Florida Minimum Wage Notice.

29. Florida Statute §448.110(6)(b) provides that, upon receipt of the Florida Minimum Wage

Notice, "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days has expired. However, the Plaintiff and the Defendants have not resolved Defendants' Florida Minimum Wage violations.

30. As of May 2, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to $6.79/hr. On January 1, 2009 the Florida Minimum Wage was raised to $7.21/hr. On June 24, 2009, the Florida minimum wage defaulted to the Federal minimum wage rate of $7.25/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum wage was increased to $7.79/hr. On January 1, 2014, the Florida minimum wage was increased to $7.93/hr. On January 1, 2015, the Florida minimum wage increased to $8.05/hr. Florida Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

31. From on or about November 23, 2009 through the present and ongoing, Plaintiff worked an average of 33 hours per week for Defendants and was paid an average of $3.65 per hour. Plaintiff was not paid the applicable Florida minimum wage rate as required by the Florida Constitution. Therefore, Plaintiff claim the difference between their actual pay rate of $3.65 per hour and the applicable minimum wage rate for all hours worked during the above-mentioned period of time.

32. The Defendants' wage payment practices to Plaintiff for the time period specified above did not meet the Florida minimum wage law requirements, as Plaintiff was not paid the

required Florida minimum wage rate for all hours worked, and are therefore claiming Florida minimum wage violations.[1]

33. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Florida Constitution and the Fair Labor Standards Act, as Defendants knew of the Florida Minimum Wage requirements of the Florida Constitution and of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Florida Constitution and the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the entire periods of employment specified above.

## COUNT IV: RETALIATION UNDER 29 U.S.C. § 215(a)(3)

**COMES NOW** Plaintiff, through undersigned Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-34 above and further states:

34. On June 30, 2015, Plaintiff's counsel filed the Initial Complaint commencing 1:15-cv-22465, this matter's predecessor action, for overtime wages and minimum wages against Defendants, while Plaintiff was still an employee of Defendants.

35. On July 6, 2015, Defendants were served with the Summons and Complaint in this predecessor matter.

36. On July 6, 2015, Plaintiff's supervisor, Antonio, notified Plaintiff that he was terminated, and adverse action under the FLSA.  The motivation for this termination was the protected activity of Plaintiff' seeking compensation for overtime and minimum wages

---

[1] To the extent each Plaintiff's claims for Florida minimum wage payments overlap each Plaintiff's claims for Federal minimum wage payments, each Plaintiff claims the higher of the two applicable rates.

under the FLSA.  The causal link between these two events is the receipt of the lawsuit.

37. The termination of Plaintiff was an act of retaliation in direct violation of 29 U.S.C. § 215(a)(3) because the motivating factor for said termination was a filing a lawsuit claiming legally mandated wages and, as a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests judgment against the Defendants, attorney's fees, costs, back wages, double or liquidated back wages from the date of firing up until and including the date of trial, reinstatement, promotion and injunctive relief prohibiting the defendants from discriminating in the manner described above, emotional distress and humiliation and pain and suffering, front wages until Plaintiff's anticipated age of retirement, and all other damages recoverable by law 29 U.S.C. § 216(b). *Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
       J.H. Zidell, Esq.
      Florida Bar Number: 0010121